# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS J. PÉREZ MOLINA, ANA FIGUEROA COLÓN, AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM<br>Plaintiff,<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY; ELIU CRUZ (IN HIS PERSONAL AND OFFICIAL CAPACITIES); A, B AND C INSURANCE COMPANY; JOHN DOE AND JANE DOE<br><br>Defendants. | **CIVIL NO. 13-1638 (\_\_)**<br><br>Americans with Disabilities Act;<br>T. VII-Disability Discrimination and Supplemental Jurisdiction |

**VERIFIED COMPLAINT**

**COME NOW** the Plaintiffs, through the undersigned attorney, and respectfully state, allege and pray as follows:

## I.   JURISDICTIONAL STATEMENT

1. The instant action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 et seq. ("ADA"); Title VII, 42 U.S.C. §§2000e et seq.; the Civil Rights Act, 42 U.S.C. §§1981a, 1983 and 1988; the Constitution of the United States of America; the Constitution of the Commonwealth of Puerto Rico; Puerto Rico Act No. 44 of July 2, 1985, P.R. Laws Ann. tit. 1 §501 ("Act 44" or "ADITA"); Puerto Rico Act No. 115 of December 20, 1991, 29 L.P.R.A. § 194 *et seq.* ("Act 115"), as amended; and

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 2 of 18

**VERIFIED COMPLAINT** 2
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §5141.

2. This Honorable Court has original jurisdiction to entertain this action pursuant to 28 U.S.C. §§1331 and 1343(4), since this is an action arising under the Constitution and laws of the United States to recover damages resulting from the deprivation of plaintiff's federal rights and privileges.

3. Furthermore, this Honorable Court has personal jurisdiction over this civil action pursuant to Section 706 of the Civil Rights Act (42 U.S.C. §2000e-5) because the employment practices and other acts alleged to be unlawful were committed and the damages were suffered within the jurisdiction of the United States District Court for the District of Puerto Rico.

4. Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. §1367 to hear the Commonwealth law claims under Act No. 44 of July 2, 1985, P.R. Laws Ann. tit. 1 §501 ("ADITA"), Puerto Rico Act No. 115 of December 20, 1991, 29 L.P.R.A. § 194 *et seq.* ("Act 115"), as amended, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §5141, because these are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. Plaintiff Carlos J. Pérez Molina, has complied with all the jurisdictional prerequisites to an action under ADA, as follows:

    **a.** On May 23, 2013 he timely filed administrative charges against

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 3 of 18

| VERIFIED COMPLAINT | 3 |
|---|---|
| Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al. | |
| Civil No. 13-1638 (__) | |

defendant before the Equal Employment Opportunity Commission ("EEOC"), in case number 515-2013-00370, alleging he was discriminated against for reason of his disability and for retaliation in violation of ADA. See, **EXHIBIT 2.**

  b. The EEOC sent Plaintiff Carlos Pérez Molina a Notice of Right to Sue, dated July 15, 2013. See, **EXHIBIT 3.**

  c. The present verified complaint is filed within ninety (90) days from plaintiff's receipt of his Notice of Right-to-Sue, which is attached. See, **EXHIBIT 1**.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) (1) and (2).

## II.   PARTIES

7. At all times herein relevant, Plaintiff Carlos Pérez Molina (hereinafter, "Carlos") is a citizen of the United States of America, married to Ana Figueroa Colón with residency in Carolina, Puerto Rico. His address is: Jardines de Borinquen, O-15, Gladiola St., Carolina, PR, 00985. His telephone number is (787) 224-4660.

8. At all times herein relevant, Plaintiff Ana Figueroa Colón is a citizen of the United States of America, married to Carlos since 1992, with residency in Carolina, Puerto Rico. Her address is the same as Plaintiff Carlos: Jardines de Borinquen, O-15, Gladiola St., Carolina, PR, 00985. Plaintiff Ana Figueroa Colón claims are arising under federal statute, but specifically are

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 4 of 18

**VERIFIED COMPLAINT**                                                     4
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

based upon Article 1802 of the Civil Code of Puerto Rico.

9.  At all times herein relevant, co-defendant Puerto Rico Electric Power Authority (hereinafter, "PREPA") has been at the time of the facts and still Carlos' "employer" within the meaning of the applicable statutes. PREPA employs about 500 or more employees. Its main address is: P.O. Box 364267, San Juan, PR, 00936.

10. Co-defendant Eliu Cruz is an individual that is sued in his personal capacity, specifically under state laws, for damages caused by him against Carlos in the case at hand. He is currently employed by PREPA as Conservation Chief Engineer at the Palo Seco Plant, Boilers Section, in Cataño, PR and is one of Carlos' supervisors. His location information is unknown at this moment.

11. A, B & C Insurance Companies are the fictitious names of the insurance companies whose places of business are in a state or territory other than the Commonwealth of Puerto Rico. They had at all relevant times an insurance policy to cover the damages alleged in the Complaint. They are designated with these names because their true identities are not known at the present time.

12. John Doe & Jane Doe are citizens of the United States with residence in Puerto Rico, who at all relevant times are liable for the acts alleged in the complaint. They are designated with this name because the true identity is not known at the present time.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

14. Plaintiff Carlos is a 40-year-old male, born June 17, 1973, married to Ana Figueroa Colón. He possesses a Mechanical Technician Associate Degree from the Institute of Universal Education.

15. Carlos has been employed by PREPA since 1996, having occupied several positions throughout the years. Currently, Carlos is employed at PREPA as a Generating Plant Conservation Worker, assigned to the Palo Seco Plant, Boiler Section, in Cataño, PR. This is a semi-skilled job that involves the application of simple knowledge in mechanical, plumbing, painting, carpentry and masonry, to help skilled employees in the general conservation of equipment in the generating plant. He receives instructions from his supervisor or higher-grade employees, who review the work in progress and termination of the same to ensure that it conforms to the rules and procedures established.

16. Among Carlos' duties and responsibilities are: to help mechanics, plumbers and welders in the general conservation of boilers, machinery, equipment and structures of a power generating plant; to clean, lubricate and oil equipment; clean condensers; execute simple tasks of carpentry, masonry and paint or assists in these tasks as required; operate and lubricate equipment installed in the area of rotary screens; clean floors, walls, patios and

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 6 of 18

**VERIFIED COMPLAINT**                                                                6
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

machinery; run errands and move equipment or materials; operate the sand-blasting machine; and may be required to operate a forklift.

17. However, although Carlos is employed as a Generating Plant Conservation Worker, he occupied temporary replacements as Generating Plant Mechanic III at the Palo Seco Plant, from 2009 to 2011. The most recent replacement ceased in April 2011.

18. The Generating Plant Mechanic III is a skilled job that involves the application of general mechanical knowledge in the inspection, repair, testing, adjustment, alignment and dynamic balance in power generating equipment.

19. Carlos is an excellent employee who has never received disciplinary warnings at PREPA.

20. On July 19, 2011, a co-worker named Manolo Mangual Rodríguez viciously attacked Carlos at the premises of the Palo Seco Plant during working hours. As a matter of fact, **said co-worker Manolo Mangual Rodríguez while working at PREPA and previous to his brutal assault against Carlos, he had several criminal sentences against him by crimes as aggravated assaults, illegal possession of weapons, and theft, among others**.

21. Co-worker Manolo Mangual Rodríguez resulted guilty of aggravated assault against Carlos in case the case *Pueblo de Puerto Rico vs. Mangual Rodríguez,* criminal case number DIC2011G0126. Despite of this, and his previous criminal record known by the Defendants, **PREPA granted a life-pension to Manolo Mangual Rodríguez as a "gift" for his "services" in said**

**public corporation, and currently is in his home enjoying a good economic pension**.

22. As a result of this brutal assault, Carlos suffered a fracture to his right eye orbit. He had to undergo surgery for this fracture and currently has an implant inserted in this area. His right eye persistently tears and his vision is impaired. He was also psychologically and emotionally affected by this incident.

23. Consequently, Carlos filed on March 7, 2012 a civil tort suit in the State Court against his employer, civil no. K DP2012-0297 (805), seeking monetary damages. Eliu Cruz was included as co-defendant in such suit, which is still pending resolution before the state court.

24. After the filing of the aforementioned lawsuit, on or about September 2012, Eliu Cruz in clear retaliation began harassing Carlos during work shifts together by making offensive remarks, derogatory comments and jokes about the assault he suffered and his eye impairment. Furthermore, Eliu Cruz constantly re-assigns Carlos from the Boiler Section to the Mechanics Section, knowing there is no work to do at such section, thus no need of personnel assistance there, provoking a constructive discharge.

25. Such constant and continuous harassment by Eliu Cruz has been so severe that it has created a hostile work environment for Carlos, with the intention for him to resign, or in other words, making a constructive discharge environment.

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 8 of 18

**VERIFIED COMPLAINT** 8
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

26. Carlos complained about this harassment to his direct supervisor, Elías Vega Blassini, Conservation Senior Supervisor, on or about October 2012. Upon information and belief, Mr. Vega Blassini spoke to Eliu Cruz about the situation but to no avail. The harassments and constructive discharge environment continue to this day.[1]

27. On May 22, 2013, Mr. Cruz sent another employee, named "William", from the Boiler Section to the Mechanics Section to assist in any work there. However soon after, "William" came back because there were no jobs to do, neither was there any need of assistance at that section. "Pablo", the Mechanics Supervisor, also indicated that there was no need of personnel support or assistance because "work was slow" and they already had enough employees at that section. Notwithstanding, minutes later Eliu Cruz told Carlos to go to the Mechanics Section because "William" had a medical appointment. Another co-worker asked Eliu Cruz why was he sending Carlos over to that section when "William" had been sent back because there was no work to do. After briefly leaving, Eliu Cruz stormed back in to the area and yelled at Carlos in a menacing tone, saying such things as: "You're not going to fool me!" and "You're not going to tell me what to do!"

28. He further grabbed Carlos' payroll and yelled that Carlos had to go to the Mechanics Section until he pleased. To avoid confrontation, Carlos took his payroll and left to the Mechanics Section.

---

[1] Plaintiff has been in and out of the workplace due to this situation, and while out, it is because the State Insurance Fund Corporation has ordered the absence by psychiatric reasons.

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 9 of 18

**VERIFIED COMPLAINT**  9
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

29. However, during lunch break Carlos went back to the Boiler Section to talk with his fellow co-workers and when Eliu Cruz saw him there, he once again yelled at Carlos, questioning what he was doing there and saying that he wasn't suppose to be there because he now belonged to the Mechanics Section and as so, he was to leave immediately.

30. Eliu Cruz further said that he was not going to authorize Carlos any overtime or extra hours and that he would not be coming back to the Boiler Section. He also told Carlos he was now the last one on the list to be assigned to jobs outside of the Palo Seco Plant, despite the fact that Carlos is one of the oldest employees there.

31. Later that same day, May 22, 2013, Carlos passed by the Boiler Section to pick up some of his things that he had left there earlier. When Eliu Cruz saw him, he questioned Carlos once again what was he doing in the Boiler Section. Eliu Cruz further told other Supervisors that were present, in the presence of other two co-workers, that they were no longer authorized to request Carlos for assistance in the Boiler Section, even if there was an emergency, and that Carlos was not coming back so long as he was in charge.

32. Each morning when Carlos arrives at his workplace, Eliu Cruz receives him with derogatory comments and harmful jokes about Carlos' incident that left him disabled.

33. Eliu Cruz has personal knowledge of Carlos' disability, as he was Conservation Chief Engineer at the Palo Seco Plant and Supervisor of the

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 10 of 18

**VERIFIED COMPLAINT** 10
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

Boilers Section when Carlos was brutally assaulted. Eliu Cruz is aware of the surgery Carlos had in his right eye orbit, his impaired vision and the fact that Carlos was partially admitted into a psychiatric clinic soon after the assault and surgery.

34. Before the incident that resulted in Carlos' disability and the filing of the suit in State Court, Eliu Cruz never bothered neither harassed Carlos in any way. What is more, Eliu Cruz would assign Carlos many jobs without hesitation.

35. On or about May 24, 2013, Carlos delivered a letter to Héctor Castillo, Conservation Chief at the Palo Seco Plant, requesting reasonable accommodation due to his disability and the retaliation against him by Eliu Cruz. No action whatsoever has been taken on this request up to this date.

36. Furthermore, on July 2, 2013, Carlos filed a complaint at the Equal Employment Opportunities Office from the Labor Directorate at PREPA (hereinafter, "EEOO-PREPA") for discrimination based on physical and mental disability.

37. In this EEOO-PREPA complaint, Carlos suggested a transfer to the San Juan Plant as a solution or remedial measure for the discrimination and retaliation he suffers. Yet, no action whatsoever has been taken on this complaint up to this date. Rather, Defendants continue to retaliate, creating a hostile work and constructive discharge environment against Carlos by simply exercising his rights.

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 11 of 18

**VERIFIED COMPLAINT** 11
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

38. Due to the hostile environment created by Eliu Cruz at his workplace, Carlos' has suffered from nervous breakdowns, feels isolated and depressed. For this, He is currently receiving psychological treatment and has also opened a case at the State Insurance Fund Corporation.

## IV.   FIRST CAUSE OF ACTION: VIOLATION OF ADA, 42 U.S.C. §§12101 et seq.

39. Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. Carlos is a qualified individual with a disability within the meaning of the American with Disabilities Act of 1990.

41. The employer knew the details of Carlos' disability.

42. After Carlos suffered the brutal blow to his right eye, his physical impairment substantially limits various major life activities, as in example, seeing, reading, concentrating, and working, among others.

43. Carlos requested his employer reasonable accommodations, both formally and informally, yet no action whatsoever has been taken upon these requests up to the filing of this complaint.

44. Defendants also provoked a constructive discharge environment against Carlos solely by his disability, well known by all each one of the Defendants.

45. Defendants knew or had reason to know that by not making a reasonable accommodation to the known physical limitation Carlos suffers, his condition would only get worse, provoking his constructive discharge.

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 12 of 18

**VERIFIED COMPLAINT** 12
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

46. Defendants' conduct evidences their intentional failure to reasonably accommodate Plaintiff Carlos for him to resign in a constructive manner.

47. By Co-defendants acts and omissions they have engaged in unlawful and willful employment practices in violation of the American with Disabilities Act.

48. As a result of his employer's discriminatory actions, Carlos is entitled to compensatory damages, emotional damages, prejudgment interest, reasonable attorney fees and court costs, in an amount no less *in toto* than $3,000,000.00.

## V. SECOND CAUSE OF ACTION: ADA'S RETALIATION

49. Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

50. The defendants retaliated against plaintiff because he complained about the hostile work and constructive discharge environment he was subject to by Eliu Cruz and requested reasonable accommodation.

51. Complaining to a Supervisor about alleged discrimination and harassment, and requesting reasonable accommodation are protected activities under ADA.

52. As a result of his complaint, Plaintiff was subjected to further harassments and denied benefits such as overtime or extra hours, and job assignments.

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 13 of 18

**VERIFIED COMPLAINT** 13
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

53. By Co-defendants acts and omissions they have discriminated, and retaliated against Carlos for reason of his disability, specifically by requesting the local Department of Justice and the Police Department to prosecute Mr. Manolo Mangual, who finally resulted convicted by aggravated aggression in the criminal case *Pueblo de Puerto Rico vs. Mangual Rodríguez*, criminal case number DIC2011G0126, by filing a Complaint before the Commonwealth of Puerto Rico Courts [civil no. K DP2012-0297 (805)], and by filing a charge before the EEOC [515-2013-00370].

## VI.     THIRD CAUSE OF ACTION: VIOLATION OF ADITA, STATE ACT NO. 44, P.R. LAWS ANN. TIT. 1 §§501, ET SEQ.

54. Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

55. State Act No. 44, P.R. Laws Ann. tit. 1 §§501, et seq., prohibits that any natural or juridical person who, on his/her own or through another, prevents, obstructs, limits, or excludes a person with disabilities from participating, being part or enjoying any of the programs or activities organized, sponsored, operated, implemented, administered or otherwise directed or conducted by any public and private institution, at any educational level, regardless of whether or not it receives financial resources of the Commonwealth.

56. Said statute also prohibits discriminatory employment procedures, methods, or practices, by private or public institutions, against persons with any kind of physical, mental or sensory disability just for the sake of said

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 14 of 18

**VERIFIED COMPLAINT**                                                                                             14
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

handicap.

57. Co-Defendant PREPA is Carlos' employer as defined under State Act No. 44, P.R. Laws Ann. tit. 1 §501.

58. The Supreme Court of Puerto Rico noted in Guardiola Álvarez v. Dept. de la Familia, 175 D.P.R. 668 (2009) that through §511 of Title 1 [State Act No. 44], the double damages that is part of the remedy established by §146 of Title 29 [State Act No. 100] was adopted as a remedy available for claims related to violations of §§ 501 et seq. of Title 1 [State Act No. 44].

59. By Co-defendants acts and omissions they have discriminated against Carlos for reason of his disability and have engaged in unlawful and willful employment practices in clear violation of State Act. No. 44.

60. As a result, Carlos is further entitled to double damages pursuant to applicable State law.

### VII.   FOURTH CAUSE OF ACTION: ACT NO. 115, P.R. LAWS ANN. TIT. 1 §194, ET SEQ.

61. Plaintiff reincorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

62. Pursuant to Act 115, no employer may discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico, when such expressions are not of a defamatory character nor

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 15 of 18

**VERIFIED COMPLAINT** 15
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

constitute disclosure of privileged information established by law.

63. Co-Defendant PREPA is Carlos' employer as defined under State Act No. 115, P.R. Laws Ann. tit. 1 §194, et seq.

64. By Co-defendants acts and omissions they have discriminated, and retaliated against Carlos for reason of his disability, specifically by requesting the local Department of Justice and the Police Department to prosecute Mr. Manolo Mangual, who finally resulted convicted by aggravated aggression in the criminal case *Pueblo de Puerto Rico vs. Mangual Rodríguez*, criminal case number DIC2011G0126, by filing a Complaint before the Commonwealth of Puerto Rico Courts [civil no. K DP2012-0297 (805)], and by filing a charge before the EEOC [515-2013-00370]. Thus, all Defendants have being engaged in unlawful and willful employment practices in clear violation of State Act. No. 115.

65. As a result, Carlos is further entitled to double damages pursuant to applicable State law.

## VIII. FIFTH CAUSE OF ACTION:
## ARTICLE 1802 OF THE PUERTO RICO CIVIL CODE

66. Plaintiffs Carlos, Ana Figueroa Colón and the Conjugal Partnership Composed Between Them, reincorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein

67. Defendants through their negligent and willful acts caused Ana Figueroa Colón and the Conjugal Partnership Composed Between Them, damages and as so, they are jointly and severally liable for the damages

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 16 of 18

**VERIFIED COMPLAINT** 16
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

suffered by him.

68. Defendants knew or had reason to know that by refusing to consider Carlos' requests for accommodations, his physical condition and emotional state would worsen.

69. Defendants engaged in discriminatory practices with malice and reckless indifference to Carlos' federally protected rights.

70. As consequence of co-defendants acts and omissions, Carlos, Ana Figueroa Colón and the Conjugal Partnership Composed Between Them, still suffering damages including but not limited to, emotional pain and suffering, as well as physical aggravation of his known condition, among other intangible injuries and pecuniary losses, for all of which he should be compensated and familiar disruption.

71. Furthermore, in the event Defendants deny responsibility for the actions and damages claimed herein, pursuant to the provisions of Rule 44 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, the Plaintiff would also be entitled to an award of prejudgment and post-judgment interest, to be computed from the amount finally adjudged to Plaintiff, plus a reasonable amount of attorney's fees, due to such obstinate and reckless denial.

72. Plaintiff reserves his right to amend the complaint and to include further applicable federal state statutes, pursuant to the Federal Rules of Civil Procedure.

**IX.   PRAYER FOR RELIEF**

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 17 of 18

**VERIFIED COMPLAINT** 17
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

**WHEREFORE,** premises considered, plaintiffs demand judgment against defendants for the following:

1. Enter Judgment against defendants in an amount of no less than $300,000.00.

2. Award Plaintiffs costs, interests, expenses and attorneys fees, as provided by law;

3. Plaintiffs request any and all other remedies appropriate under the law or in equity, injunctive relief and any other remedy available;

4. Compensatory damages pursuant to State Law Claims for Plaintiff in an amount no less than $2,000,000.00;

5. Punitive damages against Defendants in their personal capacities;

6. Plaintiffs request state law remedies of double damages;

7. Preliminary and permanent injunctive relief, enjoining defendants from engaging in such unlawful conduct.

8. Plaintiffs further demand trial by jury on all issues.

### CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**.

**VALENZUELA-ALVARADO, LLC**
MCS Plaza
255 Ponce de León Avenue
Suite 825, Hato Rey

Case 3:13-cv-01638-SEC   Document 1   Filed 08/21/13   Page 18 of 18

**VERIFIED COMPLAINT** 18
Carlos J. Pérez Molina, et al. v. Puerto Rico Electric Power Authority, et al.
Civil No. 13-1638 (__)

San Juan, Puerto Rico 00917-1942
Tel./Fax: (787) 756-4053
www.va-lex.com


**S/José Enrico Valenzuela-Alvarado**

**JOSÉ ENRICO VALENZUELA-ALVARADO**
U.S.D.C.-P.R. 220104
Emails:
jeva@valenzuelalaw.net
jose.enrico.valenzuela1@gmail.com
enricovalenzuela@hotmail.com