**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

CARLOS PEREZ-MOLINA, ET AL.,

    Plaintiffs,

           v.

PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL.,

    Defendants.

**Civil No. 13-1638 (SEC)**

**MEMORANDUM AND ORDER**

Before the Court are defendant Eliu Cruz's motion to dismiss, Docket # 11, and the plaintiffs' opposition thereto. Docket # 16. After reviewing the filings and the applicable law, this motion is **GRANTED**.

**Background**

The plaintiffs bring this action under the American with Disabilities Act (ADA), advancing claims of disability-discrimination, 42 U.S.C. § 12112(b)(1), and retaliation under § 12203(a). Their complaint also contains pendent local-law claims under Puerto Rico Law 44, P.R. Laws Ann. tit. 1, § 501, which prohibits disability discrimination; Puerto Rico Law 115, P.R. Laws Ann. tit. 29, § 194a, which bars retaliation; and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, Puerto Rico's general tort statute. Docket # 1.[1] The

---

[1] Insofar as the plaintiffs advance claims under "the Civil Rights Act," Docket # 1, ¶ 1, any such claim would fail at the starting gate. The short answer is that because this purported claim was not pleaded as a cause of action, but, rather, briefly mentioned on the first two pages of the complaint, see id. at 1-2, it falls miles short of meeting the plausibility standard. See Alicea v. Machete Music, 744 F.3d 773, 788 (1st Cir. 2014); Fábrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 34 (1st Cir. 2012); Marrero-Rodríguez v. Municipality of San Juan, 677 F.3d 497, 501 (1st Cir. 2012) ("Plaintiff's purported Fourth Amendment claim fails to meet the pleading standards of Iqbal [since it] was not even pled as a claim, but only mentioned on the first page of the complaint." (citation omitted)). That unplausible claim is therefore dismissed.

**Civ. No. 13-1638**                                                                                         **Page 2**

defendants are plaintiff Carlos Perez-Molina's employer, the Puerto Rico Electric Power Authority, and one of Perez-Molina's supervisors, defendant Cruz. The plaintiffs sue Cruz only in "his personal capacity, specifically under state laws for damages caused by him against Carlos in the case at hand." Id. ¶ 10.

Cruz moves to dismiss for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), maintaining that because the ADA provides for no individual liability, the ADA claim against him must be dismissed. Docket # 11, p. 6. He then requests that the local-law claims against him be dismissed without prejudice. Id., p. 8-9.

The plaintiffs timely opposed. Docket # 16. But their opposition nowhere discusses Cruz's legal defense that no individual liability attaches under the ADA. The plaintiffs nonetheless invite the Court to retain supplemental jurisdiction over their pendent state-law claims, in the event that their ADA claims are dismissed. Id., pp. 4-5. The Court addresses these matters sequentially.

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. At the pleadings stage, the courts must accept "the plaintiff's factual allegations and draw[ ] all reasonable inferences in the plaintiff's favor." Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir. 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To forestall dismissal, a complaint must "satisf[y] Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011) (citing Fed. R.Civ. P. 8(a)(2)). So, although the plaintiffs need not demonstrate likelihood of success, their allegations must nevertheless "'suggest more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102-103 (1st Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Civ. No. 13-1638**                                                                                                          **Page 3**

The analysis begins with a threshold determination: Whether the ADA provides for individual liability. The answer, per the First Circuit, is plainly no. Román-Oliveras v. Puerto Rico Elec. Power Auth., 655 F.3d 43, 52 (1st Cir. 2011); accord Dactelides v. Bd. of Sch. Trustees of S. Bend Cmty. Sch. Corp., 562 F. App'x 534, 536-537 (7th Cir. 2014) (unpublished); Vélez-Miranda v. Puerto Rico, No. 13-1371, 2014 WL 4063326, *2 (D.P.R. Aug. 15, 2014);González v. Sears Holding Co., 980 F. Supp. 2d 170, 203 (D.P.R. 2013); Márquez-Ramos v. Puerto Rico, No. 11-1547, 2012 WL 1414302, *6 (D.P.R. Apr. 2, 2012). "Title I of the ADA, like Title VII of the Civil Rights Act, 'addresses the conduct of employers only and does not impose liability on co-workers.'" Román-Oliveras, 655 F.3d at 52 (citations omitted).[2] So because binding caselaw dictates that Cruz cannot be held liable under the ADA, the ADA claims brought against him fail as a matter of law.[3] That ends this aspect of the matter.

One last task remains.  As said, Cruz also requests that the local-law claims asserted against him be dismissed without prejudice. The plaintiffs opposed, arguing, without much in the way of an argument, that declining to exercise supplemental jurisdiction over their local-law claims will "greatl[y] prejudice" them, "since they filed the case in the instant forum[,] and all the preparation . . . [has] been done in English." Docket # 16, pp. 4-5.

When, as here, "a plaintiff's anchor claim is a federal cause of action and the court unfavorably disposes of the plaintiff's federal claim at the early stages of a suit, well before trial, the court generally dismisses any supplemental state-law claims without prejudice."

---

[2] Even assuming, dubitante, that the plaintiffs' ADA claims were actionable under Title II (their complaint is silent on this score), the same result would obtain. "Title II of the ADA does not permit lawsuits against individuals." Márquez-Ramos v. Puerto Rico, No. 11-1547, 2012 WL 1414302, *6 (D.P.R. Apr. 2, 2012) (quoting Sindram v. Merriwether, 506 F.Supp.2d 7, 11-12 (D.D.C. 2007)).

[3] Of course, the same is true of plaintiffs' retaliations claims under the ADA. Spiegel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir.2010) (finding no individual liability under ADA's retaliation provision).

**Civ. No. 13-1638**                                                                                         **Page 4**

Ramos-Echevarría v. Pichis, Inc., 659 F.3d 182, 191 (1st Cir. 2011). But that general principle is not a "mandatory rule to be applied inflexibly in all cases," Redondo Const. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011) (citation omitted), as "[d]istrict court[s] must exercise 'informed discretion' when deciding whether to exercise supplemental jurisdiction over state law claims." Id. (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir.1996)). This determination implicates a weighing of several factors, to wit: comity, judicial economy, convenience, and fairness. Id. (citations omitted).

The Court having evaluated these factors, declines to exercise supplemental jurisdiction over the plaintiffs' state-law claims. The plaintiffs' perfunctory, undeveloped, and frivolous contention that they will be "greatly prejudiced" if their pendent claims are litigated in local court is rejected out of hand, not least because this case is still at an early stage; the discovery is still ongoing; and under the ADA, no federal interest is vindicated by permitting plaintiffs to impermissibly haul an individual defendant into federal court. Instead, comity will be better served by allowing the Commonwealth courts to resolve issues of individual liability under Puerto Rico law. The pendent claims are therefore dismissed without prejudice.

**Conclusion**

For the reasons stated, Cruz's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 23rd day of September, 2014.

                              *s/ Salvador E. Casellas*
                              SALVADOR E. CASELLAS
                              U.S. Senior District Judge