# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS PEREZ-MOLINA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL., <br><br> Defendants. | Civil No. 13-1638 (SEC) |

## MEMORANDUM AND ORDER

Pending before the Court is the Puerto Rico Electric Power Authority's (PREPA) notice of automatic stay pursuant to section 405(b) of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), 48 U.S.C. § 2194(b). The plaintiffs filed a motion in opposition. The plaintiffs' motion is **denied** and the case is **stayed**. The reasons follow.

Plaintiffs Carlos Pérez-Molina and his wife filed this discrimination and retaliation action against PREPA[1]—a public corporation and governmental instrumentality of the Commonwealth of Puerto Rico, see P.R. Laws Ann. tit. 22, § 193—under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and several Puerto Rico laws. On June 30, 2016, Congress enacted PROMESA. As relevant here, section 405(b) of PROMESA provides for an automatic stay of all debt-related

---

[1] Plaintiffs also named Eliu Cruz as a defendant but the federal claims were dismissed against him without prejudice because the ADA does not provide for individual liability, see Román-Oliveras v. Puerto Rico Elec. Power Auth., 655 F.3d 43, 52 (1st Cir. 2011), and the Court declined to exercise supplemental jurisdiction over the state law claims. ECF No. 65. Recently, the Puerto Rico Supreme Court clarified that Law No. 115-1991, the Commonwealth's anti-discrimination statute, does not provide a for individual liability either. See Santiago Nieves v. Braulio Agosto Motors, 197 D.P.R. 369, 372 (2017).

litigation against the Commonwealth and covered instrumentalities, which was or could have been commenced before the statute's enactment. 48 U.S.C. § 2194(b).

On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition for PREPAS's adjustment of debts under Title III of PROMESA. 48 U.S.C. § 2164. Shortly thereafter, PREPA filed a "Notice of Automatic Stay of Proceedings" under PROMESA in this case. Plaintiffs then filed a response in opposition arguing that the automatic stay is inapplicable to this case on several grounds, none of which is convincing.

Plaintiffs first invoke section 405(c) of PROMESA, which exempts from the automatic stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's or organization's police and regulatory power." 48 U.S.C. § 2194(c)(2). Plaintiffs suggest that this case falls within the exception because PREPA's function of providing reliable electric power is associated with Puerto Rico's police power. To jettison this argument, it suffices to point out that the exception applies to actions or proceedings "by a governmental unit," id. (emphasis added), not against a governmental unit, as in this case. See e.g. Lucontoni v. United Airlines, Inc., 446 F. Supp. 2d 4, 6 (D. Mass. 2006) ("[T]here is a clear distinction between governmental actions pursued to enforce a police or regulatory power, and actions pursued by private parties. Governmental unit actions are exempted from automatic stay provision by 11 U.S.C. § 362(b)(4); private party actions are not").

Plaintiff Pérez-Molina also argues that the automatic stay is inapplicable because the complaint contains a cause of action for injunctive relief. He claims that he is entitled to some unspecified reasonable accommodation, an order compelling PREPA to make Pérez-Molina eligible for extra hours, and "back-pay of extra hours loss of income caused by the discrimination [and] retaliation" he allegedly suffered. ECF No. 142, p. 10.

At the outset, it is unclear whether the complaint includes such a specific request for injunctive relief. The complaint says only that "Plaintiffs request any and all other remedies appropriate under the law or in equity, injunctive relief and any other remedy available" and a "[p]reliminary and permanent injunctive relief, enjoining defendants from engaging in" discriminatory and retaliatory conduct. ECF No. 1, p. 17.[2] Regardless, the Court finds that Pérez-Molina's claim for injunctive relief in any form has become moot. The short of it is that Eliu Cruz, the only PREPA employee who allegedly discriminated and retaliated against Pérez-Molina—including depriving him from working extra hours—no longer works at PREPA. See ECF No. 125, ¶5. Accordingly, there is no reasonable expectation that the discriminatory or retaliatory conduct will recur. See United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953); compare Clark v. Alabama, 141 F. App'x 777, 784 (11th Cir. 2005) (affirming the district courts' decision that the plaintiff's request for relief was moot because he was no longer under the alleged retaliator's supervision) with Jean-Baptiste v. D.C., 958 F. Supp. 2d 37, 50–51 (D.D.C. 2013) (declining to dismiss as moot a request for injunctive relief where the plaintiff's harassment did "not appear to have been an isolated incident by one supervisor against one victim").

As to Pérez-Molina's purported injunctive relief claim for "back-pay of extra hours loss of income," he has not shown how this does not entail the continuation of an action "to recover a Liability Claim against the Government of Puerto Rico" that arose before PROMESA's enactment, which is clearly included within the automatic stay

---

[2] "As a matter of professional practice, counsel who seek temporary relief usually should make a motion for a preliminary injunction separate from the prayer for relief contained in the complaint. In addition to the demands of good practice, Rule 65(a)(2) of the Federal Rules of Civil Procedure seems to require a separate motion for temporary relief when it refers to 'an application for a preliminary injunction.'" James Luterbach Const. Co. v. Adamkus, 781 F.2d 599, 603 (7th Cir. 1986), citing C. Wright & A. Miller, Federal Practice and Procedure § 2949 (1973) ("The appropriate procedure for requesting a preliminary injunction is by motion...."). Pérez-Molina never filed a separate motion for preliminary injunction. Neither does his verified complaint "describe the preliminary injunction sought [nor] state with particularity the grounds for granting it." C. Wright & A. Miller, Federal Practice and Procedure § 2949 (3d ed.). And he did not file a proposed order for preliminary injunctive relief as required by Local Rule 65, D.P.R. Civ. R. 65.

provision. 48 U.S.C.A. § 2194(b). More so, considering that the term "Liability Claim" is defined to include the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecure." Id., § 2194(a)(2).

Finally, Plaintiffs posit that a lift of the automatic stay is warranted.[3] But if that is the case, then they should request the lift from the Honorable Taylor Swain, who is the judge assigned to PREPA's voluntary petition under Title III of PROMESA.

For the reasons stated, none of the exceptions invoked by Plaintiffs to PROMESA's automatic stay provision applies. This case is therefore **STAYED**. Judgment will be entered closing this case for administrative purposes.

**IT IS ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2018.

*s/Daniel R. Domínguez*
Daniel R. Domínguez
U.S. Senior District Judge

---

[3] Plaintiffs mention in passing the factors that courts should consider when deciding whether a lift of stay is warranted, but they fail to properly apply them to the facts of this case. See ECF No. 142, pp. 8-9, quoting In re Unanue-Casal, 159 B.R. 90, 95–96 (D.P.R. 1993), aff'd, 23 F.3d 395 (1st Cir. 1994).